**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 5, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:**<br><br>**AMERICAN HOSPITALITY PROPERTIES REIT, INC.**<br><br>**Debtor.**<br><br>**Tax I.D. No. 83-2386947** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80071 (SGJ)**<br><br>**(Chapter 11)** |
| **In re:**<br><br>**AMERICAN HOSPITALITY PROPERTIES REIT II, INC.**<br><br>**Debtor.**<br><br>**Tax I.D. No. 92-2883234** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80072 (SGJ)**<br><br>**(Chapter 11)** |
| **In re:**<br><br>**AHP MASTER LEASE, LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 83-3589345** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80073 (SGJ)**<br><br>**(Chapter 11)** |

| | | |
|---|---|---|
| **In re:**<br><br>**AHP REIT PORT B LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 41-4835874** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80074 (SGJ)**<br><br>**(Chapter 11)** |
| **In re:**<br><br>**AHP RI CAPE CANAVERAL, LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 83-3401071** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80075 (SGJ)**<br><br>**(Chapter 11)** |
| **In re:**<br><br>**AHP LP7 BENTONVILLE, LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 82-1312989** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80076 (SGJ)**<br><br>**(Chapter 11)** |
| **In re:**<br><br>**AHP LP7 CY BATON ROUGE, LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 82-1270980** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80077 (SGJ)**<br><br>**(Chapter 11)** |
| **In re:**<br><br>**AHP LP7 FAYETTEVILLE, LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 82-1290371** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80078 (SGJ)**<br><br>**(Chapter 11)** |

| | | |
|---|---|---|
| **In re:**<br><br>**AHP LP7 FT MEYERS, LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 82-1270656** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80079 (SGJ)**<br><br>**(Chapter 11)** |
| **In re:**<br><br>**AHP LP7 JONESBORO, LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 82-1271139** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80080 (SGJ)**<br><br>**(Chapter 11)** |
| **In re:**<br><br>**LAKEMORE-PHOENIX INVESTMENT PLATFORM B, LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 82-1365426** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80081 (SGJ)**<br><br>**(Chapter 11)** |
| **In re:**<br><br>**AHP LP7 METAIRIE, LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 82-1290518** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80082 (SGJ)**<br><br>**(Chapter 11)** |
| **In re:**<br><br>**PAH CHARLOTTE HOSPITALITY JV, LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 47-4004405** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80083 (SGJ)**<br><br>**(Chapter 11)** |

| | | |
|---|---|---|
| **In re:**<br><br>**PAH CHARLOTTE JV, LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 47-4013478** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80084 (SGJ)**<br><br>**(Chapter 11)** |
| **In re:**<br><br>**PAH CHARLOTTE LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 47-3924721** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80085 (SGJ)**<br><br>**(Chapter 11)** |
| **In re:**<br><br>**AHP LP7 RI BATON ROUGE, LLC**<br><br>**Debtor.**<br><br>**Tax I.D. No. 82-1290185** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-80086 (SGJ)**<br><br>**(Chapter 11)** |

**ORDER DIRECTING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "***Motion***")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (the "***Order***") consolidating the administration of all of the above-captioned Chapter 11 Cases for procedural purposes only, all as more fully set forth in the Motion and in the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant

[1] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their respective estates, their creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The above-captioned Chapter 11 Cases shall be jointly administered for procedural purposes only as follows. Additionally, the following checked items are ordered:

a. __X__ One disclosure statement and plan of reorganization may be filed for all of the cases by any plan proponent; however, substantive consolidation of the Debtors' estates is not being requested at this time.

b. __X__ Parties may request joint hearings on matters pending in any of the jointly administered cases.

c. __X__ The U.S. Trustee may conduct joint informal meetings with the Debtors, as required, and, unless otherwise directed by the Court, a joint first meeting of creditors.

d. __X__ Unless otherwise required by the Court, each Debtor will file separate schedules of assets and liabilities and statements of financial affairs, operating reports, and, as applicable, lists of equity security holders.

e. __X__ Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in which chapter 11 case such claim is to be filed.

f. __X__ A separate claims register shall be maintained for each Debtor.

g. __X__ Each Debtor shall separately file operating reports and separately pay its quarterly fee due to the U.S. Trustee.

2. The Court shall maintain one file and one docket for all of the jointly administered cases under the lead case of American Hospitality Properties REIT, Inc. and administer these Chapter 11 Cases under a consolidated caption, as follows:

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-80071 (SGJ)** |
| | § | |
| **AMERICAN HOSPITALITY PROPERTIES REIT, INC., *et al.*,** | § | **(Chapter 11)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[2] | § | |

3. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

4. A notation substantially similar to the following shall be entered on each of the Debtors' respective dockets (other than Debtor American Hospitality Properties REIT, Inc.) to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing the joint administration of the chapter 11 cases of American Hospitality Properties REIT, Inc. (Case No. 26-80071 (SGJ)), American Hospitality Properties REIT II, Inc. (Case No. 26-80072 (SGJ)), AHP Master Lease, LLC (Case No. 26-80073 (SGJ)), AHP REIT Port B LLC (Case No. 26-80074 (SGJ)), AHP RI Cape Canaveral, LLC (Case No. 26-80075 (SGJ)), AHP LP7 Bentonville, LLC (Case No. 26-80076 (SGJ)), AHP LP7 CY Baton Rouge, LLC (Case No. 26-80077 (SGJ)), AHP LP7 Fayetteville, LLC (Case No. 26-80078 (SGJ)), AHP LP7 FT Meyers, LLC (Case No. 26-80079 (SGJ)), AHP LP7 Jonesboro, LLC (Case No. 26-80080 (SGJ)), Lakemore-Phoenix Investment Platform B, LLC (Case No. 26-80081 (SGJ)), AHP LP7 Metairie, LLC (Case No. 26-80082 (SGJ)), PAH Charlotte Hospitality JV, LLC (Case No. 26-80083 (SGJ)), PAH Charlotte JV, LLC (Case No. 26-80084 (SGJ)), PAH Charlotte LLC (Case No. 26-80085 (SGJ)), and AHP LP7 RI Baton Rouge, LLC (Case No. 26-80086 (SGJ)). The location of the Debtors' corporate headquarters is: 14643 Dallas Parkway, Suite 970, Dallas, Texas 75254. The docket in Case No. 26-80071 (SGJ) should be

[2] The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/AHPREIT. The location of the Debtors' corporate headquarters is: 14643 Dallas Parkway, Suite 970, Dallas, Texas 75254.

consulted for all matters affecting these cases. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, 26-80071 (SGJ).

5. The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases; *provided*, *however*, this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

9. Nothing contained in the Motion or this Order shall be deemed or construed as granting any Debtor standing to be heard on any issue affecting another jointly administered Debtor beyond what is granted under applicable law.

10. Nothing contained in the Motion or this Order shall be deemed or construed as affecting the rights of parties in interest to object to, and be heard on, the appointment of any committee of creditors under section 1102 of the Bankruptcy Code, and all such rights are reserved.

11. Notwithstanding the relief granted herein or actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an implication or admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors', or any party in interest's, rights to subsequently dispute such claim or lien, a promise or requirement to pay any claim, an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, a waiver of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or

any other applicable law, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

13. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

14. The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**# # # END OF ORDER # # #**

**Order submitted by:**

**VINSON & ELKINS LLP**

Bradley R. Foxman (Texas Bar No. 24065243)
William L. Wallander (Texas Bar No. 20780750)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
bfoxman@velaw.com
bwallander@velaw.com

- and -

George R. Howard (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
ghoward@velaw.com

**PROPOSED ATTORNEYS FOR
THE DEBTORS AND DEBTORS IN POSSESSION**