Bradley R. Foxman (Texas Bar No. 24065243)
William L. Wallander (Texas Bar No. 20780750)
**VINSON & ELKINS LLP**
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
bfoxman@velaw.com
bwallander@velaw.com

George R. Howard (admitted *pro hac vice*)
**VINSON & ELKINS LLP**
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
ghoward@velaw.com

**PROPOSED ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-80071 (SGJ)** |
| | § | |
| **AMERICAN HOSPITALITY** | § | **(Chapter 11)** |
| **PROPERTIES REIT, INC., *et al.*,** | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **(Emergency Hearing Requested)** |

# EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE PAYMENTS FOR FUTURE UTILITY SERVICES; (II) PROHIBITING UTILITY COMPANIES FROM ALTERING, DISCONTINUING, OR REFUSING SERVICES; (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADDITIONAL ADEQUATE ASSURANCE REQUESTS; AND (IV) GRANTING RELATED RELIEF

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 9:30 A.M. (CENTRAL TIME) ON OCTOBER 29, 2026.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 29, 2026, AT 9:30 A.M. (CENTRAL TIME) IN COURTROOM #1, FLOOR 14, UNITED**

[1] The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/AHPREIT. The location of the Debtors' corporate headquarters is: 14643 Dallas Parkway, Suite 970, Dallas, Texas 75254.

**STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, 1100 COMMERCE STREET, DALLAS, TX 75242.**

**YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1-650-479-3207. VIDEO COMMUNICATION WILL BE BY USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE JERNIGAN'S HOME PAGE. THE MEETING CODE IS 2304 154 2638. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JERNIGAN'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") file this *Emergency Motion for Entry of an Order (I) Approving the Debtors' Proposed Adequate Assurance Payments for Future Utility Services; (II) Prohibiting Utility Companies from Altering, Discontinuing, or Refusing Services; (III) Approving the Debtors' Proposed Procedures for Resolving Additional Adequate Assurance Requests; and (IV) Granting Related Relief* (the "***Motion***") and in support respectfully submit the following:

## <u>JURISDICTION AND VENUE</u>

1. The United States Bankruptcy Court for the Northern District of Texas (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined

that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code (the "***Bankruptcy Code***"), rule 9013-1 of the Bankruptcy Local Rules for the Northern District of Texas (the "***N.D. Tex. L.B.R.***"), and the *General Order Regarding Procedures for Complex Chapter 11 Cases* (the "***Complex Case Procedures***").

## EMERGENCY CONSIDERATION

4. In accordance with the N.D. Tex. L.B.R. and Complex Case Procedures, the Debtors request emergency consideration of this Motion. The Debtors submit that emergency relief in connection with this Motion is essential to the success of these chapter 11 cases. As discussed in detail below, any delay in granting the relief requested could hinder the ultimate success of the Debtors' chapter 11 cases and cause immediate and irreparable harm. As such, the Debtors believe that emergency consideration is necessary and request that this Motion be heard on an emergency basis.

## BACKGROUND

5. American Hospitality Properties REIT, Inc. ("***REIT I***") and American Hospitality Properties REIT II, Inc. ("***REIT II***") (collectively, the "***AHP Entities***," and together with their Debtor and non-Debtor affiliates, the "***Company***") are Delaware-incorporated, non-traded companies formed to engage primarily in the acquisition of premium branded hotels and other real estate-related assets either secured by or related to hotel properties in the United States. The AHP Entities own a portfolio of hospitality assets across the country, including properties affiliated with the Marriott and Hilton hotel brands.

6. The AHP Entities were founded by William Lee "Perch" Nelson ("***Mr. Nelson***") and Phoenix American Hospitality, LLC ("***PAH***"), a Dallas-based hospitality investment, asset management, and hotel operations company. PAH, which remains led by Mr. Nelson as its Chief Executive Officer, serves as the external property manager for certain of the Company's entities in which the AHP Entities hold ownership interests. Prior to the commencement of these chapter 11 cases, the Company generated revenue primarily through the ownership of its hotel properties and related hospitality businesses.

7. On October 4, 2026 (the "***Petition Date***"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no request for the appointment of a trustee or examiner has been made and no official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

8. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Amended Declaration of Alan Tantleff in Support of Chapter 11 Petitions and First Day Pleadings* [Dkt. No. 20] and the *Declaration of Alan Tantleff in Support of Additional First Day Motions* [Dkt. No. 53] (together, the "***Declarations***"), which are both incorporated herein by reference.[2]

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meaning set forth in the Declarations.

## RELIEF REQUESTED

9. By this Motion, the Debtors seek entry of an order (the "***Order***"), substantially in the form attached hereto as **Exhibit A**: (i) approving the Debtors' proposed adequate assurance payments for future utility services; (ii) prohibiting utility companies from altering, discontinuing, or refusing services; (iii) approving the Debtors' proposed procedures for resolving additional adequate assurance requests; and (iv) granting related relief. The Debtors respectfully request immediate entry of the Order to minimize operational disruptions at each of the hotels, which will preserve value for the benefit of all stakeholders.

## THE UTILITY SERVICES AND PROPOSED ADEQUATE ASSURANCE

### I. The Utility Services

10. The Debtors own a portfolio of interests in eleven hotels across the country. Each of these hotels is governed by a hotel management agreement between the respective hotel owner (the "***Owner***"), and a common manager—PAH Management, LLC ("***PAHM***" or the "***Manager***"), an affiliate of PAH, which in turn is led by Mr. Nelson. Each of these hotel management agreements is substantially similar.[3]

11. The costs of running each hotel are accounted for as "Gross Operating Expenses" (as defined in the hotel management agreements), which includes the cost of utilities, service contracts, and repairs and maintenance. Revenues and other working capital for each hotel are deposited in operating bank accounts under the hotel management agreements. Some operating accounts are shared with Debtor entities while others are individually owned. The Manager has authority to make disbursements from each account for the payment of all Gross Operating

[3] Copies of the management agreements were previously filed as exhibits 6-14 of the Debtors' amended witness and exhibit list, filed on October 13, 2026 [Dkt. No. 55]. The terms of these management agreements are substantially the same.

Expenses, but it is the Owner's responsibility to keep these operating accounts sufficiently funded. As a result, under each hotel management agreement, the Owner of each hotel is responsible for payment of all Gross Operating Expenses incurred through these operating accounts, including the cost of utilities, service contracts, and repairs and maintenance.

12. Certain companies (the "***Utility Companies***") have contracted with the Debtors to provide the Debtors with traditional utility services (the "***Utility Services***"), such as electricity, gas, water, waste disposal, telecommunications, internet, and other similar services that are necessary for the Debtors to continue operating their businesses without interruption. The Utility Services are treated as Gross Operating Expenses, which are paid through the Debtors' operating accounts in accordance with the management agreements. A non-exclusive list of the Utility Companies that provide Utility Services to the Debtors as of the Petition Date is attached as **Exhibit B** (the "***Utility Services List***").[4] The relief requested is with respect to all Utility Companies supplying Utility Services to the Debtors and is not limited to those on the Utility Services List.

13. Certain utilities, such as electricity, water, and natural gas are critical because the Debtors' hotels would not be fit to occupy without them. Others, such as high-speed internet and telecommunications services, allow the Debtors to conduct their businesses efficiently and are amenities that hotel guests expect as standard in the industry. Accordingly, any interruption of the Utility Services will likely threaten the Debtors' ability to operate and maintain their businesses while maximizing value for the benefit of their estates and stakeholders. The Debtors could not

[4] The Debtors have made a good-faith effort to identify all Utility Companies and list them on the Utility Services List and believe that the Utility Services List includes all of the Utility Companies. However, the Debtors reserve the right to supplement the Utility Services List if they inadvertently omitted any Utility Company. Furthermore, the inclusion of any entity on the Utility Services List is not an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect to such characterization.

operate their businesses without the Utility Services. Should any Utility Company alter, refuse, or discontinue service, even for a brief period, the Debtors' business operations could be significantly disrupted, which could immediately and irreparably harm and jeopardize the Debtors' operations. As a result, the Debtors seek entry of an order approving the proposed adequate protection to the Utility Companies and corresponding procedures to efficiently resolve any objections to the proposed adequate assurance. For the avoidance of doubt, the Debtors are not seeking to pay prepetition amounts owed pursuant to the relief requested in this Motion.

## II. The Proposed Adequate Assurance

14. Section 366(c) of the Bankruptcy Code provides that a utility may alter, refuse, or discontinue a chapter 11 debtor's utility service if the utility does not receive from the debtor "adequate assurance of payment" within 30 days after the petition date. 11 U.S.C. § 366(c)(2). Section 366(c)(1)(A) of the Bankruptcy Code defines the phrase "adequate assurance of payment" to mean, *inter alia*, "a cash deposit." 11 U.S.C. § 366(c)(1)(A).

15. The Debtors intend to pay postpetition obligations owed to the Utility Companies in the ordinary course of business in a timely manner. The Debtors expect that cash generated from hotel operations and the Debtors' access to cash collateral will provide sufficient liquidity to pay obligations related to Utility Services in accordance with prepetition practices.

16. The Utility Services provided to the Debtors cost approximately $163,333.71 per month on average in the aggregate. To provide the Utility Companies with adequate assurance of payment, the Debtors propose to deposit $85,000.00 (the "***Adequate Assurance Deposit***") into a segregated account (the "***Adequate Assurance Account***"). The Adequate Assurance Deposit is an amount greater than the estimated cost for two weeks of Utility Services (i.e., approximately $81,666.86) calculated based on the monthly average for all Utility Services. Accordingly, this

Adequate Assurance Deposit will be sufficient to cover the approximately $81,666.86 in obligations that the Debtors incur every two weeks on average with the Utility Companies.

17. The Debtors submit that the Adequate Assurance Deposit, together with their demonstrated ability to pay for future Utility Services in the ordinary course of business (collectively, the "***Proposed Adequate Assurance***"), constitutes sufficient adequate assurance of future payment to satisfy the requirements imposed by section 366 of the Bankruptcy Code. Accordingly, the Debtors respectfully request that the Court find that any Utility Company that fails to object to this Motion or serve an Additional Assurance Request (as defined below) be deemed to have been provided adequate assurance of payment pursuant to section 366 of the Bankruptcy Code and prohibited from altering, discontinuing, or refusing to provide Utility Services, including as a result of unpaid charges for prepetition Utility Services.

**III. The Adequate Assurance Procedures**

18. To address the right of any requesting Utility Company under section 366(c)(3) of the Bankruptcy Code to seek additional adequate assurance other than the Proposed Adequate Assurance, the Debtors propose the following procedures (the "***Adequate Assurance Procedures***") be adopted:

a. The Debtors will serve a copy of this Motion and the Order to each Utility Company on the Utility Services List within 3 business days after entry of the Order by the Court granting this Motion.

b. Subject to paragraphs (c)-(e) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $85,000.00, in the Adequate Assurance Account within 3 business days after entry of the Order granting this Motion, or as soon thereafter as is reasonably practicable.

c. Each Utility Company shall be entitled to its proportional share of Adequate Assurance in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List, as may be amended or modified in accordance with the Order granting this Motion, and such funds shall constitute adequate assurance for each Utility Company.

d. If an amount relating to Utility Services provided postpetition by a Utility Company is unpaid, and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Account by filing notice on the docket with the Court demanding payment. The Debtors shall honor such valid request within 5 business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without further order from the Court. To the extent that a Utility Company receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

e. The portion of the Adequate Assurance attributable to each Utility Company shall be removed from the Adequate Assurance Account by the Debtors automatically on the earlier of: (i) reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company; and (ii) the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases.

f. Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must file on the docket a request for additional assurance (an "***Additional Assurance Request***") within 14 days after entry of the Order by the Court granting this Motion.

g. Any Additional Assurance Request must: (i) be filed with the Court; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account; (iii) summarize the Debtors' payment history relevant to the affected account(s), including any security deposits or surety bonds; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment under section 366 of the Bankruptcy Code or the basis for seeking the Additional Assurance Request, each as applicable.

h. Any Utility Company that does not timely file with the Court and serve an Additional Assurance Request will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from altering, discontinuing, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment (other than the Proposed Adequate Assurance).

i. The Debtors may, without further order from the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including, but not

limited to, cash deposits, prepayments, or other forms of security if the Debtors submit that such adequate assurance is reasonable.

j. Pending resolution at the Determination Hearing (as defined below), the Utility Company filing such Additional Assurance Request shall be prohibited from altering, discontinuing, or refusing Utility Services to the Debtors on account of unpaid charges for prepetition services, the commencement of these Chapter 11 Cases, or on account of any objections to the Proposed Adequate Assurance.

k. Notwithstanding anything in these procedures to the contrary, the Court shall conduct a hearing within 45 days following the Petition Date to resolve any outstanding Adequate Assurance Requests in the event any are timely filed by the Utility Companies (the "***Determination Hearing***").

**IV. Modifications to the Utility Services List**

19. The Debtors have made a good-faith effort to identify all Utility Companies and list them on the Utility Services List and believe that the Utility Services List includes all of the Utility Companies. To the extent the Debtors identify any additional Utility Company or discontinue any Utility Services, the Debtors respectfully request that the relief requested in this Motion, including the proposed Adequate Assurance Procedures, and the Order granting this Motion shall apply to any subsequently identified Utility Company, *provided*, the Debtors add such Utility Company to the Utility Services List and serve such Utility Company with a copy of the Order regarding Utility Services, including the Adequate Assurance Procedures, with sufficient time for such Utility Company to object in advance of the Determination Hearing, allocate additional amounts to the Adequate Assurance Deposit in accordance with this Motion, and provide notice to the subsequently identified Utility Company of its proposed Adequate Assurance.

**<u>BASIS FOR RELIEF REQUESTED</u>**

**I. The Utility Companies are Adequately Assured of Payment of Future Services.**

20. As discussed above, section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the Petition Date. *See* 11 U.S.C. § 366. Section 366(c) of the Bankruptcy Code requires the debtor to provide

"adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility company within 30 days of the Petition Date, or the utility company may alter, refuse, or discontinue service. 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code provides a non-exhaustive list of examples of what constitutes "assurance of payment." Assurance of payment must be "adequate," which means that it needs to be in an amount that is sufficient to insure against unreasonable risk of nonpayment but not necessarily an absolute guarantee of the debtor's ability to pay. *See, e.g., In re Cont'l Common, Inc.*, No. 3:10-CV-2591-O, 2011 WL 13238210, at *5 (N.D. Tex. Feb. 14, 2011) (the statute "requires a determination that a utility is not subject to unreasonable risk of nonpayment but does not require a guarantee of payment"); *see also In re Tekoil & Gas Corp.*, No. 08-80270G3-l l, 2008 WL 2928555, at *2 n.1 (Bankr. S.D. Tex. July 21, 2008) ("[A] debtor may continue to pay a utility, and a utility may continue to provide service, in the absence of an injunction preventing the utility from terminating service." (citing *In re Viking Offshore (USA) Inc.*, No. 08-31219-H3-1l, 2008 WL 782449, at *3 n.3 (Bankr. S.D. Tex. Mar. 20, 2008)).

21. When considering whether a given assurance of payment is "adequate," the Court should examine the totality of the circumstances to make an informed decision as to whether the utility will be subject to an unreasonable risk of nonpayment. *See In re Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)). In determining the level of adequate assurance; however, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co. v. Caldor, Inc.-NY*, 117 F.3d 646, 650 (2d Cir. 1997) (internal quotations omitted) (citing *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)).

22. Courts in this district have found that adequate assurance equal to two weeks' estimated utility costs satisfies the requirements of Bankruptcy Code section 366. *See, e.g., In re Genesis Healthcare, Inc.*, Case No. 25-80185 (SGJ) (Bankr. N.D. Tex. July 11, 2025) (approving the debtors' proposed form of adequate assurance of payment in an amount equal to the cost of two weeks of utility services provided by such utility provider, and prohibiting utility providers from altering, refusing, or discontinuing services); *In re Prospect Medical Holdings, Inc.*, Case No. 25-80002 (SGJ) (Bankr. N.D. Tex. Jan. 15, 2025) (same); *In re TGI Friday's Inc*., Case No. 24-80069 (SGJ) (Bankr. N.D. Tex. Nov. 4, 2024) (same); *In re Eiger Biopharmaceuticals, Inc*., Case No. 24-80040 (SGJ) (Bankr. N.D. Tex. Apr. 5, 2024) (approving the debtors' proposed form of adequate assurance of payment in an amount equal to one half of the debtors' average monthly cost for utilities, and prohibiting utility providers from altering, refusing, or discontinuing services).

23. Accordingly, the Debtors seek to ensure the Utility Companies have received adequate assurance so there is no risk of termination of future services. Such a result will be value-destructive for the Debtors' estates to the detriment of all stakeholders. The Debtors' ongoing ability to meet obligations as they come due in the ordinary course through anticipated revenue generated from hotel operations and access to cash collateral provides assurance of the Debtors' payment of their future obligations. *In re Pilgrim's Pride Corp*., No. 08-45664 (DML), 2009 WL 7313309, at *2 (Bankr. N.D. Tex. Jan. 4, 2009) ("The consequences of an unexpected termination of utility service to [the debtors] could be catastrophic."); *cf. In re Monroe Well Serv., Inc*., 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").

24. Courts are permitted to fashion reasonable procedures, such as the Adequate Assurance Procedures proposed, to implement the protections afforded under section 366 of the Bankruptcy Code. *See, e.g.*, *In re Circuit City Stores, Inc.*, No. 08-35653, 2009 WL 484553, at *5 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "[t]he plain language of § 366 of the Bankruptcy Code allows the Court to adopt the Procedures set forth in the Utility Order"). Such procedures are important because, without them, the Debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize." *Id.* Here, notwithstanding a determination that the Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Companies believe they have under sections 366(b) and (c)(2) of the Bankruptcy Code are wholly preserved under the Adequate Assurance Procedures. The Utility Companies still may choose, in accordance with the Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance. The Adequate Assurance Procedures give the Utility Companies the opportunity to request modification of the Proposed Adequate Assurance while avoiding a haphazard and chaotic process whereby each Utility Company could make an extortionate, last-minute demand for adequate assurance that would force the Debtors to pay under the threat of losing critical Utility Services.

25. Further, the Court has the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, courts in the Fifth Circuit have recognized that it is appropriate to authorize the payment of obligations where necessary to protect and preserve the estate, including an operating business's going-concern value. *See, e.g., In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).

26. The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366 thereof. Accordingly, the Court should exercise its powers under sections 105(a) and 366 of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

**RESERVATION OF RIGHTS**

27. For the avoidance of doubt, nothing in this Motion is intended to be, nor should it be construed as (i) an implication or admission as to the validity or priority of any claim or lien against the Debtors, (ii) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim or lien, (iii) a promise or requirement to pay any claim, (iv) an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, or (v) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

**NOTICE**

28. Notice of this Motion has been provided by delivery to: (a) the Office of the United States Trustee for the Northern District of Texas; (b) the Debtors' 20 largest unsecured creditors (on a consolidated basis); (c) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the Utility Companies; (g) counsel to Mr. Nelson, PAH, and PAHM; (h) counsel to Argentic Investment Management, LLC; (i) counsel to Spirit Realty LP; and (j) all other applicable government agencies to the extent required by the Bankruptcy Rules or the N.D. Tex. L.B.R. In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

29. No prior motion for the relief requested herein has been made to this Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

**PRAYER**

The Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, and grant them such other and further relief to which the Debtors may be justly entitled.

Dated: October 20, 2026
Dallas, Texas

*/s/ Bradley R. Foxman*
**VINSON & ELKINS LLP**
Bradley R. Foxman (Texas Bar No. 24065243)
William L. Wallander (Texas Bar No. 20780750)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
bfoxman@velaw.com
bwallander@velaw.com

- and -

George R. Howard (admitted *pro hac vice*)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
ghoward@velaw.com

**PROPOSED ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Bradley R. Foxman*
One of Counsel

# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-80071 (SGJ)** |
| | § | |
| **AMERICAN HOSPITALITY PROPERTIES REIT, INC., *et al.*,** | § | **(Chapter 11)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re: Dkt. No. ___** |

**ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE PAYMENTS FOR FUTURE UTILITY SERVICES; (II) PROHIBITING UTILITY COMPANIES FROM ALTERING, DISCONTINUING, OR REFUSING SERVICES; (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADDITIONAL ADEQUATE ASSURANCE REQUESTS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (the "***Order***") (i) approving the Debtors' proposed adequate assurance payments for future Utility Services; (ii) prohibiting Utility

[1] The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/AHPREIT. The location of the Debtors' corporate headquarters is: 14643 Dallas Parkway, Suite 970, Dallas, Texas 75254.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

Companies from altering, discontinuing, or refusing services; (iii) approving the Debtors' proposed Adequate Assurance Procedures for resolving additional adequate assurance requests; and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation to the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The $85,000.00 to be deposited by the Debtors (the "***Adequate Assurance Deposit***") into a segregated account (the "***Adequate Assurance Account***") within 3 business days of the date hereafter or as soon thereafter as is reasonably practicable, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business, subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

2. The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a segregated account during the pendency of these Chapter 11 Cases. The Adequate Assurance

Account has been established as a "Debtor in Possession" account at a depository approved by the Office of the United States Trustee for the Northern District of Texas.

3. The Utility Companies are prohibited from altering, discontinuing, or refusing services on account of any unpaid prepetition charges, the commencement of these Chapter 11 Cases, or any perceived inadequacy of the Proposed Adequate Assurance.

4. The following Adequate Assurance Procedures are approved:

a. The Debtors will serve a copy of this Motion and the Order to each Utility Company on the Utility Services List within 3 business days after entry of the Order by the Court granting this Motion.

b. Subject to paragraphs (c)-(e) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $85,000.00, in the Adequate Assurance Account within 3 business days after entry of the Order granting this Motion, or as soon thereafter as is reasonably practicable.

c. Each Utility Company shall be entitled to its proportional share of Adequate Assurance in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List, as may be amended or modified in accordance with the Order granting this Motion, and such funds shall constitute adequate assurance for each Utility Company.

d. If an amount relating to Utility Services provided postpetition by a Utility Company is unpaid, and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Account by filing notice on the docket with the Court demanding payment. The Debtors shall honor such valid request within 5 business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without further order from the Court. To the extent that a Utility Company receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

e. The portion of the Adequate Assurance attributable to each Utility Company shall be removed from the Adequate Assurance Account by the Debtors automatically on the earlier of: (i) reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company; and (ii) the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases.

f. Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must file on the docket a request for additional assurance (an "***Additional Assurance Request***") within 14 days after entry of the Order by the Court granting this Motion.

g. Any Additional Assurance Request must: (i) be filed with the Court; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account; (iii) summarize the Debtors' payment history relevant to the affected account(s), including any security deposits or surety bonds; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment under section 366 of the Bankruptcy Code or the basis for seeking the Additional Assurance Request, each as applicable.

h. Any Utility Company that does not timely file with the Court and serve an Additional Assurance Request will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from altering, discontinuing, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment (other than the Proposed Adequate Assurance).

i. The Debtors may, without further order from the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors submit that such adequate assurance is reasonable.

j. Pending resolution at the Determination Hearing (as defined below), the Utility Company filing such Additional Assurance Request shall be prohibited from altering, discontinuing, or refusing Utility Services to the Debtors on account of unpaid charges for prepetition services, the commencement of these Chapter 11 Cases, or on account of any objections to the Proposed Adequate Assurance.

k. Notwithstanding anything in these procedures to the contrary, the Court shall conduct a hearing within 45 days following the Petition Date to resolve any outstanding Adequate Assurance Requests in the event any are timely filed by the Utility Companies (the "***Determination Hearing***").

5. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

6. All Utility Companies that do not file an objection or serve an Additional Assurance Request shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code, and (b) forbidden from (i) altering, discontinuing, or refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these Chapter 11 Cases, or any perceived inadequacy of the Proposed Adequate Assurance, and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

7. To the extent there is an Additional Assurance Request that has not been resolved between the Debtors and such Utility Company, the Court shall conduct a hearing on ____________ at _:_ _.m. Central Time to resolve any disputes between the Debtors and such Utility Company regarding the Adequate Assurance Procedures and/or the proposed Adequate Assurance Deposit.

8. For Utility Companies that are identified by the Debtors subsequent to the entry of this Order, the Debtors will add such Utility Company to the Utility Services List and cause a copy of this Order, including the Adequate Assurance Procedures, to be served, within 5 business days, on such subsequently identified Utility Company and with sufficient time for such Utility Company to object in advance of the Determination Hearing. In addition, the Debtors will provide an Adequate Assurance Deposit in an amount greater than the approximate two-week average cost of all Utility Services provided by such Utility Company.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. Notwithstanding the relief granted herein or actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute,

nor is it intended to constitute, an implication or admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors', or any party in interest's, rights to subsequently dispute such claim or lien, a promise or requirement to pay any prepetition claim, an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, a waiver of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

11. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**# # # END OF ORDER # # #**

**Order submitted by:**

**VINSON & ELKINS LLP**

Bradley R. Foxman (Texas Bar No. 24065243)
William L. Wallander (Texas Bar No. 20780750)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
bfoxman@velaw.com
bwallander@velaw.com

- and -

George R. Howard (admitted *pro hac vice*)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
ghoward@velaw.com

**PROPOSED ATTORNEYS FOR
THE DEBTORS AND DEBTORS IN POSSESSION**

# EXHIBIT B

## Utility Services List

| Debtor Entity | Utility Provider | Corporate Address | Account Number | Service(s) | Average Monthly Payment | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| PAH CHARLOTTE LLC | WorldVue Connect, Inc. | PO Box 733288, Dallas, TX 75373-3288, US | 54091 | TV | $ 2,449.00 | $ 1,274.49 |
| PAH CHARLOTTE LLC | Ooma, Inc | 525 Almanor Ave, Suite 200, Sunnyvale, CA 94085 | RS232-0040986 | Phone | $ 350.00 | $ 182.14 |
| PAH CHARLOTTE LLC | Blueprint RF | Department 880349, PO Box 29650, Phoenix, AZ 85038-9650 | A0000511 | Internet | $ 555.00 | $ 288.83 |
| PAH CHARLOTTE LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 831-001-252-485 | Internet | $ 1,250.00 | $ 650.51 |
| PAH CHARLOTTE LLC | Waste Connections of NC | Charlotte District 6111, PO Box 535233, Pittsburgh, PA 15253-5233 | 6111-7618594 | Waste | $ 1,568.00 | $ 816.00 |
| PAH CHARLOTTE LLC | DUKE ENERGY | P O BOX 70516, CHARLOTTE, NC 28272-0516 | 9100 4045 6792 | Electric | $ 10,717.00 | $ 5,577.20 |
| PAH CHARLOTTE LLC | Piedmont Natural Gas | PO Box 1246, CHARLOTTE, NC 28201-1246 | 6100 0642 7124 | Gas | $ 2,325.00 | $ 1,209.95 |

| Debtor Entity | Utility Provider | Corporate Address | Account Number | Service(s) | Average Monthly Payment | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| PAH CHARLOTTE LLC | CITY OF CHARLOTTE | BILLING CENTER, P.O. Box 1316, CHARLOTTE, NC 28201-1316 | 1000769-139339 | Waste | $ 660.00 | $ 343.47 |
| PAH CHARLOTTE LLC | CITY OF CHARLOTTE | BILLING CENTER, P.O. Box 1316, CHARLOTTE, NC 28201-1316 | 000769-139339 | Water | $ 1,854.00 | $ 964.83 |
| PAH CHARLOTTE LLC | CITY OF CHARLOTTE | BILLING CENTER, P.O. Box 1316, CHARLOTTE, NC 28201-1316 | 000769-139339 | Sewer | $ 3,846.00 | $ 2,001.49 |
| AHP LP7 Fayetteville, LLC | Springdale Water Utilities | PO BOX 769, SPRINGDALE, AR 72765, US | 198-3683-02 | Water | $ 650.00 | $ 338.26 |
| AHP LP7 Fayetteville, LLC | SOUTHWESTERN ELECTRIC POWER | PO Box 371496, Pittsburgh, PA 15250-7496, US | 961-545-756-3-1 | Electricity | $ 6,440.00 | $ 3,351.42 |
| AHP LP7 Fayetteville, LLC | BLACK HILLS ENERGY | PO BOX 6001, RAPID CITY, SD 57709, US | 2956-219-38 | Gas | $ 595.00 | $ 309.64 |

| Debtor Entity | Utility Provider | Corporate Address | Account Number | Service(s) | Average Monthly Payment | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| AHP LP7 Fayetteville, LLC | Springdale Water Utilities | PO BOX 769, SPRINGDALE, AR 72765, US | 198-3683-02 | Sewer | $ 650.00 | $ 338.26 |
| AHP LP7 Fayetteville, LLC | Konica Minolta Business Solutions | DEPT LA 22988, PASADENA, CA 91185-2988 | 5089837 | Phone | $ 225.40 | $ 117.30 |
| AHP LP7 Fayetteville, LLC | Cox Business | PO Box 650957, Dallas, TX 75265-0957 | 001 0822 069526101 | Phone | $ 100.00 | $ 52.04 |
| AHP LP7 Fayetteville, LLC | Cox Business | PO Box 650957, Dallas, TX 75265-0957 | 001 0822 069526101 | TV | $ 1,690.00 | $ 879.49 |
| AHP LP7 Fayetteville, LLC | GUEST TEK INTERACTIVE ENTERTAI | P.O. Box 95864, Chicago, IL 95864, US | C05945 | Internet | $ 207.00 | $ 107.72 |
| AHP LP7 Fayetteville, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 831-001-3592782 | Internet | $ 30.00 | $ 15.61 |
| AHP LP7 Fayetteville, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 831-001-3592-736 | Internet | $ 827.00 | $ 430.38 |

| Debtor Entity | Utility Provider | Corporate Address | Account Number | Service(s) | Average Monthly Payment | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| AHP LP7 Jonesboro, LLC | Marck Recycling & Waste, LLC | 6734 HWY 141 North, JONESBORO, AR 72401, US | 695135 | Waste Removal | $ 587.00 | $ 305.48 |
| AHP LP7 Jonesboro, LLC | Summit Utilities Arkansas Inc | PO Box 676344, Dallas, TX 75267 | 210100291127 | Gas | $ 426.00 | $ 221.69 |
| AHP LP7 Jonesboro, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 287364548930 | Internet | $ 826.00 | $ 429.86 |
| AHP LP7 Jonesboro, LLC | OPTIMUM | PO Box 4019, Carol Stream, IL 60197-4019 | 07701-11008-01-5 | TV | $ 2,277.00 | $ 1,184.97 |
| AHP LP7 Jonesboro, LLC | OPTIMUM | PO Box 4019, Carol Stream, IL 60197-4019 | 07701-11008-01-5 | Phone | $ 215.90 | $ 112.36 |
| AHP LP7 Jonesboro, LLC | Konica Minolta Business Solutions | DEPT LA 22988, PASADENA, CA 91185-2988 | 5089837 | Phone | $ 225.40 | $ 117.30 |
| AHP LP7 Jonesboro, LLC | City Water and Light - Jonesboro | PO BOX 1289, JONESBORO, AR 72403, US | 9-985-91620 | Water/Sewer | $ 1,113.00 | $ 579.21 |

| Debtor Entity | Utility Provider | Corporate Address | Account Number | Service(s) | Average Monthly Payment | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| AHP LP7 Jonesboro, LLC | City Water and Light - Jonesboro | PO BOX 1289, JONESBORO, AR 72403, US | 9-915-13840 | Electricity | $ 3,465.00 | $ 1,803.21 |
| AHP LP7 Bentonville, LLC | Rogers Water Utilities | 601 South 2nd Street, Rogers, AR 72757-0338, US | 50-09000-03 | Water/Sewer | $ 2,800.00 | $ 1,457.14 |
| AHP LP7 Bentonville, LLC | Carroll Electric | PO Box 4000, Berryville, AR 72616-4000 | 958050-001 | Electricity | $ 10,500.00 | $ 5,464.27 |
| AHP LP7 Bentonville, LLC | BLACK HILLS ENERGY | PO BOX 6001, RAPID CITY, SD 57709, US | 6285 7245 52 | Gas | $ 750.00 | $ 390.31 |
| AHP LP7 Bentonville, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 831-0013585353 | Phone | $ 250.00 | $ 130.10 |
| AHP LP7 Bentonville, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 831-0013585353 | Internet | $ 1,250.00 | $ 650.51 |

| Debtor Entity | Utility Provider | Corporate Address | Account Number | Service(s) | Average Monthly Payment | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| AHP LP7 Bentonville, LLC | GUEST TEK INTERACTIVE ENTERTAI | P.O. Box 95864, Chicago, IL 95864, US | C05480 | Internet | $ 357.00 | $ 185.79 |
| AHP LP7 Bentonville, LLC | SONIFI SOLUTIONS INC | PO Box 739332, Dallas, TX 75373-9332, US | 0067017.01 | TV | $ 2,800.00 | $ 1,457.14 |
| AHP LP7 FT Meyers, LLC | SONIFI SOLUTIONS INC | PO Box 739332, Dallas, TX 75373-9332, US | 50999.01 | TV | $ 1,350.00 | $ 702.55 |
| AHP LP7 FT Meyers, LLC | Velocity, A Managed Services Company, Inc | Attn: Accounts Receivable, P.O. Box 631310, Cincinnati, OH 45263 | 1012189 | Phone | $ 2,373.00 | $ 1,234.93 |
| AHP LP7 FT Meyers, LLC | Konica Minolta Business Solutions | DEPT LA 22988, PASADENA, CA 91185-2988 | 5089837 | Phone | $ 225.40 | $ 117.30 |
| AHP LP7 FT Meyers, LLC | Velocity, A Managed Services Company, Inc | Attn: Accounts Receivable, P.O. Box 631310, Cincinnati, OH 45263 | 1012189 | Internet | $ 1,490.00 | $ 775.41 |
| AHP LP7 FT Meyers, LLC | PINNACLE COMMUNICATIONS CORP | PO Box 59004, Minneapolis, MN 55459-9004 | C10249 | Internet | $ 404.20 | $ 210.35 |

| Debtor Entity | Utility Provider | Corporate Address | Account Number | Service(s) | Average Monthly Payment | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| AHP LP7 FT Meyers, LLC | FPL ENERGY SERVICES | PO BOX 25426, MIAMI, FL 33102 | 34743-69117 | Electric | $ 8,000.00 | $ 4,163.26 |
| AHP LP7 FT Meyers, LLC | NextEra Energy Services | PO Box 25426, Miami, FL 33102 | 36451697 | Gas | $ 860.00 | $ 447.55 |
| AHP LP7 FT Meyers, LLC | TECO PEOPLES GAS | PO BOX 31318, TAMPA, FL 33631-3318 | 221001612805 | Gas | $ 690.00 | $ 359.08 |
| AHP LP7 FT Meyers, LLC | LEE COUNTY UTILITIES-CUSTOMER | PO BOX 37779, Boone, IA 50037 | 1228366-9 | Water | $ 3,500.00 | $ 1,821.42 |
| AHP LP7 FT Meyers, LLC | LEE COUNTY UTILITIES-CUSTOMER | PO BOX 37779, Boone, IA 50037 | 1228366-9 | Sewer | $ 583.00 | $ 303.40 |
| AHP LP7 FT Meyers, LLC | Waste Pro of Florida | 3705 Saint Johns Pkwy, Sanford, FL 32771 | 28-74183-73000 | Recycle | $ 2,500.00 | $ 1,301.02 |
| AHP RI Cape Canaveral, LLC | SONIFI SOLUTIONS INC | PO Box 739332, Dallas, TX 75373-9332, US | 60598.01 | TV | $ 2,059.45 | $ 1,071.75 |
| AHP RI Cape Canaveral, LLC | Ooma, Inc | 525 Almanor Ave, Suite 200, Sunnyvale, CA 94085 | R232-0041336 | Phone | $ 352.37 | $ 183.38 |
| AHP RI Cape Canaveral, LLC | Orlando Business Telephone Sys | 5345 L.B. McLeod Rd, Orlando, FL 32811 | 182330 | Internet | $ 515.74 | $ 268.39 |

| Debtor Entity | Utility Provider | Corporate Address | Account Number | Service(s) | Average Monthly Payment | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| AHP RI Cape Canaveral, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 287354056605 | Internet | $ 30.00 | $ 15.61 |
| AHP RI Cape Canaveral, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 83101-2615341 | Internet | $ 979.01 | $ 509.48 |
| AHP RI Cape Canaveral, LLC | Waste Pro of Florida | 3705 Saint Johns Pkwy, Sanford, FL 32771 | 14293 | Recycle | $ 320.22 | $ 166.64 |
| AHP RI Cape Canaveral, LLC | FPL ENERGY SERVICES | PO BOX 25426, MIAMI, FL 33102 | 07595-51096 | Electric | $ 6,668.53 | $ 3,470.35 |
| AHP RI Cape Canaveral, LLC | Florida City Gas | PO Box 750059, Atlanta, GA 30374-7859 | 20000325606B | Gas | $ 2,213.14 | $ 1,151.73 |
| AHP RI Cape Canaveral, LLC | City of Cocoa | PO Box 1270, Cocoa, FL 32923-1270 | 455343-161406 | Water | $ 4,000.00 | $ 2,081.63 |
| AHP RI Cape Canaveral, LLC | City of Cocoa | PO Box 1270, Cocoa, FL 32923-1270 | 455343-161406 | Sewer | $ 7,256.00 | $ 3,776.07 |
| AHP RI Cape Canaveral, LLC | City of Cocoa | PO Box 1270, Cocoa, FL 32923-1270 | 455343-161406 | Storm Water | $ 804.00 | $ 418.41 |
| AHP LP7 Metairie, LLC | GUEST TEK INTERACTIVE ENTERTAI | P.O. Box 95864, Chicago, IL 95864, US | C05953 | TV | $ 2,097.48 | $ 1,091.54 |

| Debtor Entity | Utility Provider | Corporate Address | Account Number | Service(s) | Average Monthly Payment | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| Lakemore-Phoenix Investment Platform B, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 83101-3592841 | Internet | $ 829.00 | $ 431.42 |
| Lakemore-Phoenix Investment Platform B, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 83101-3592841 | Phone | $ 829.00 | $ 431.42 |
| AHP LP7 Metairie, LLC | Konica Minolta Business Solutions | DEPT LA 22988, PASADENA, CA 91185-2988 | 5089837 | Phone | $ 225.40 | $ 117.30 |
| AHP LP7 Metairie, LLC | Waste Connections of NC | Charlotte District 6111, PO Box 535233, Pittsburgh, PA 15253-5233 | 6170-071136913-001 | Waste | $ 1,826.27 | $ 950.40 |
| AHP LP7 Metairie, LLC | Entergy | PO Box 8103, BATON ROUGE, LA 70891-8103 | 147379507 | Electric | $ 7,200.00 | $ 3,746.93 |
| AHP LP7 Metairie, LLC | ATMOS ENERGY | P O BOX 740353, Cincinnati, OH 45274 | 4022641550 | Gas | $ 900.00 | $ 468.37 |
| AHP LP7 Metairie, LLC | Jefferson Parish Utility Services | PO Box 10007, Jefferson, LA 70181 | 004658 0175798 | Water | $ 1,150.00 | $ 598.47 |
| AHP LP7 Metairie, LLC | Jefferson Parish Utility Services | PO Box 10007, Jefferson, LA 70181 | 004658 0175798 | Sewer | $ 1,015.00 | $ 528.21 |

| Debtor Entity | Utility Provider | Corporate Address | Account Number | Service(s) | Average Monthly Payment | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| AHP LP7 CY Baton Rouge, LLC | GUEST TEK INTERACTIVE ENTERTAI | P.O. Box 95864, Chicago, IL 95864, US | C05519 | TV | $ 2,320.00 | $ 1,207.34 |
| AHP LP7 CY Baton Rouge, LLC | Konica Minolta Business Solutions | DEPT LA 22988, PASADENA, CA 91185-2988 | 5089837 | Phone | $ 225.40 | $ 117.30 |
| AHP LP7 CY Baton Rouge, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 831-001-3592782 | Internet | $ 30.00 | $ 15.61 |
| AHP LP7 CY Baton Rouge, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 83101-3592841 | Internet | $ 825.00 | $ 429.34 |
| AHP LP7 CY Baton Rouge, LLC | Republic Services | PO Box 71068, Charlotte, NC 28272-1068 | 3-0820-0010742 | Waste | $ 964.00 | $ 501.67 |
| AHP LP7 CY Baton Rouge, LLC | Entergy | PO Box 8103, BATON ROUGE, LA 70891-8103 | 191517234 | Electric | $ 8,200.00 | $ 4,267.34 |
| AHP LP7 CY Baton Rouge, LLC | Delta Utilities | PO Box 672087, Dallas, TX 75267-2087 | 3237300000 | Gas | $ 750.00 | $ 390.31 |

| Debtor Entity | Utility Provider | Corporate Address | Account Number | Service(s) | Average Monthly Payment | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| AHP LP7 CY Baton Rouge, LLC | Baton Rouge Water Company | Utility Payment Processing, PO Box 96025, BATON ROUGE, LA 70896-9025 | 10111719006304 | Water | $ 1,055.00 | $ 549.03 |
| AHP LP7 CY Baton Rouge, LLC | Baton Rouge Water Company | Utility Payment Processing, PO Box 96025, BATON ROUGE, LA 70896-9025 | 10111719006304 | Sewer | $ 4,600.00 | $ 2,393.87 |
| AHP LP7 RI Baton Rouge, LLC | GUEST TEK INTERACTIVE ENTERTAI | P.O. Box 95864, Chicago, IL 95864, US | C08652 | TV | $ 2,320.00 | $ 1,207.34 |
| AHP LP7 RI Baton Rouge, LLC | Konica Minolta Business Solutions | DEPT LA 22988, PASADENA, CA 91185-2988 | 5089837 | Phone | $ 225.40 | $ 117.30 |
| AHP LP7 RI Baton Rouge, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 831-001-3324-871 | Phone | $ 105.00 | $ 54.64 |
| AHP LP7 RI Baton Rouge, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 83101-3592841 | Internet | $ 825.00 | $ 429.34 |
| AHP LP7 RI Baton Rouge, LLC | AT&T | P O BOX 5019, Carol Stream, IL 60197-5019 | 83101-3592841 | Phone | $ 829.00 | $ 431.42 |

| Debtor Entity | Utility Provider | Corporate Address | Account Number | Service(s) | Average Monthly Payment | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| AHP LP7 RI Baton Rouge, LLC | Republic Services | PO Box 71068, Charlotte, NC 28272-1068 | 3-0820-0021984 | Waste | $ 1,183.00 | $ 615.64 |
| AHP LP7 RI Baton Rouge, LLC | Entergy | PO Box 8103, BATON ROUGE, LA 70891-8103 | 193950003 | Electric | $ 8,200.00 | $ 4,267.34 |
| AHP LP7 RI Baton Rouge, LLC | Delta Utilities | PO Box 672087, Dallas, TX 75267-2087 | 1991020000 | Gas | $ 550.00 | $ 286.22 |
| AHP LP7 RI Baton Rouge, LLC | Baton Rouge Water Company | Utility Payment Processing, PO Box 96025, BATON ROUGE, LA 70896-9025 | 10111719006603 | Water | $ 350.00 | $ 182.14 |
| AHP LP7 RI Baton Rouge, LLC | Baton Rouge Water Company | Utility Payment Processing, PO Box 96025, BATON ROUGE, LA 70896-9025 | 10111719006503 | Sewer | $ 1,700.00 | $ 884.69 |
| **Totals** | | | | | **$ 163,333.71** | **$ 85,000.00** |