United States Bankruptcy Court

Northern District of Texas

In re: Case No. 26-80071-sgj

American Hospitality Properties REIT, In Chapter 11

Debtor

# CERTIFICATE OF NOTICE

District/off: 0539-8 User: admin Page 1 of 4

Date Rcvd: Oct 28, 2026 Form ID: pdf025 Total Noticed: 4

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 29, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | American Hospitality Properties REIT, Inc., 14643 Dallas Parkway, Suite 970, Dallas, TX 75254-1649 |
| aty | + | George R Howard, Vinson & Elkins LLP, 1114 Avenue of the Americas 32nd Floor, New York, NY 10036-7708 |
| cr | + | Spirit Realty LP, Ballard Spahr LLP, 1 East Washington Street, Suite 2300, c/o Craig Ganz, Phoenix, AZ 85004-2555 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| intp | ^ | MEBN | Oct 28 2026 13:38:22 | Omni Agent Solutions, Inc., 5955 De Soto Avenue, Ste. 100, Woodland Hills, CA 91367-5100 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 29, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 13, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Bradley Roland Foxman | on behalf of Debtor AHP LP7 Fayetteville LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor PAH Charlotte Hospitality JV LLC bfoxman@velaw.com |

| | |
|---|---|
| Bradley Roland Foxman | on behalf of Debtor AHP LP7 Jonesboro LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor PAH Charlotte LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor AHP LP7 CY Baton Rouge LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor AHP RI Cape Canaveral LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor PAH Charlotte JV LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor AHP LP7 RI Baton Rouge LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor AHP LP7 FT Meyers LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor AHP LP7 Bentonville LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor AHP RI Cape Canaveral LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor AHP LP7 Fayetteville LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor AHP LP7 RI Baton Rouge LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor American Hospitality Properties REIT II Inc. bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor Lakemore-Phoenix Investment Platform B LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor AHP LP7 Metairie LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor AHP LP7 Metairie LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor AHP LP7 Jonesboro LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor PAH Charlotte LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor American Hospitality Properties REIT Inc. bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor AHP LP7 Bentonville LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor AHP REIT Port B LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor AHP LP7 FT Meyers LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor Lakemore-Phoenix Investment Platform B LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor AHP Master Lease LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor AHP LP7 CY Baton Rouge LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor PAH Charlotte JV LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Jointly Administered Party/Debtor American Hospitality Properties REIT II Inc. bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor PAH Charlotte Hospitality JV LLC bfoxman@velaw.com |
| Bradley Roland Foxman | on behalf of Debtor AHP Master Lease LLC bfoxman@velaw.com |

Bradley Roland Foxman
on behalf of Jointly Administered Party/Debtor AHP REIT Port B LLC bfoxman@velaw.com

Dylan Tanner Franklin Ross
on behalf of Creditor Argentic Services Company LP dylan.ross@reedsmith.com amadu@reedsmith.com;gsaenz@reedsmith.com;DocketingECF@ReedSmith.com

Garrick Chase Smith
on behalf of Interested Party W.L. Perch Nelson gsmith@munsch.com CourtMail@munsch.com

Garrick Chase Smith
on behalf of Interested Party PAH Management LLC gsmith@munsch.com, CourtMail@munsch.com

Garrick Chase Smith
on behalf of Interested Party Phoenix American Hospitality LLC gsmith@munsch.com, CourtMail@munsch.com

Joel F. Newell
on behalf of Creditor Spirit Realty LP newellj@ballardspahr.com phxlsateam@ballardspahr.com

Kevin M. Lippman
on behalf of Interested Party Phoenix American Hospitality LLC klippman@munsch.com, CourtMail@munsch.com

Kevin M. Lippman
on behalf of Interested Party W.L. Perch Nelson klippman@munsch.com CourtMail@munsch.com

Kevin M. Lippman
on behalf of Interested Party PAH Management LLC klippman@munsch.com, CourtMail@munsch.com

Tara T. LeDay
on behalf of Interested Party Phoenix American Hospitality LLC tleday@munsch.com, tara.leday@huschblackwell.com;christine.deacon@huschblackwell.com;anne.arundel@huschblackwell.com;tara-leday-0597@ecf.pacerpro.com

Tara T. LeDay
on behalf of Interested Party W.L. Perch Nelson tleday@munsch.com tara.leday@huschblackwell.com;christine.deacon@huschblackwell.com;anne.arundel@huschblackwell.com;tara-leday-0597@ecf.pacerpro.com

Tara T. LeDay
on behalf of Interested Party PAH Management LLC tleday@munsch.com, tara.leday@huschblackwell.com;christine.deacon@huschblackwell.com;anne.arundel@huschblackwell.com;tara-leday-0597@ecf.pacerpro.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

William Louis Wallander
on behalf of Jointly Administered Party/Debtor AHP LP7 Bentonville LLC bwallander@velaw.com

William Louis Wallander
on behalf of Jointly Administered Party/Debtor AHP LP7 RI Baton Rouge LLC bwallander@velaw.com

William Louis Wallander
on behalf of Jointly Administered Party/Debtor AHP LP7 CY Baton Rouge LLC bwallander@velaw.com

William Louis Wallander
on behalf of Jointly Administered Party/Debtor American Hospitality Properties REIT II Inc. bwallander@velaw.com

William Louis Wallander
on behalf of Jointly Administered Party/Debtor AHP LP7 FT Meyers LLC bwallander@velaw.com

William Louis Wallander
on behalf of Debtor American Hospitality Properties REIT Inc. bwallander@velaw.com

William Louis Wallander
on behalf of Jointly Administered Party/Debtor AHP LP7 Jonesboro LLC bwallander@velaw.com

William Louis Wallander
on behalf of Jointly Administered Party/Debtor AHP Master Lease LLC bwallander@velaw.com

William Louis Wallander
on behalf of Jointly Administered Party/Debtor AHP REIT Port B LLC bwallander@velaw.com

William Louis Wallander
on behalf of Jointly Administered Party/Debtor AHP LP7 Metairie LLC bwallander@velaw.com

William Louis Wallander
on behalf of Jointly Administered Party/Debtor AHP LP7 Fayetteville LLC bwallander@velaw.com

William Louis Wallander
on behalf of Jointly Administered Party/Debtor Lakemore-Phoenix Investment Platform B LLC bwallander@velaw.com

William Louis Wallander

| | |
|---|---|
| | on behalf of Jointly Administered Party/Debtor PAH Charlotte Hospitality JV LLC bwallander@velaw.com |
| William Louis Wallander | on behalf of Jointly Administered Party/Debtor AHP RI Cape Canaveral LLC bwallander@velaw.com |
| William Louis Wallander | on behalf of Jointly Administered Party/Debtor PAH Charlotte LLC bwallander@velaw.com |
| William Louis Wallander | on behalf of Jointly Administered Party/Debtor PAH Charlotte JV LLC bwallander@velaw.com |

TOTAL: 59

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 13, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-80071 (SGJ)** |
| | § | |
| **AMERICAN HOSPITALITY** | § | **(Chapter 11)** |
| **PROPERTIES REIT, INC., *et al.*,** | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re: Dkt. No. 44** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM AND MAINTAIN EXISTING BANK ACCOUNTS AND (B) ENGAGE IN INTERCOMPANY TRANSACTIONS, AND (II) GRANTING RELATED RELIEF**

Upon the Motion[2] filed by the above-referenced debtors and debtors in possession (collectively, the "***Debtors***") for entry of an interim order (this "***Interim Order***") (i) authorizing the Debtors to (a) continue to operate their Cash Management System and maintain existing Bank Accounts and (b) engage in Intercompany Transactions, including to implement the Payroll

---

[1] The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/AHPREIT. The location of the Debtors' corporate headquarters is: 14643 Dallas Parkway, Suite 970, Dallas, Texas 75254.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

Shortfall Funding, and (ii) granting related relief, all as more fully set forth in the Motion and in the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Final Hearing on the Motion shall be held on October 29, 2026, at 9:30 a.m., Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on the bankruptcy docket of these cases or before 5:00 p.m., Central Time, on October 26, 2026.

2. The Debtors are authorized, on an interim basis, in the ordinary course of business and consistent with prepetition practices, to (i) maintain and continue to operate the Cash Management System in accordance with the Motion, (ii) maintain and continue to use any or all of their existing Bank Accounts, including, but not limited to, the Bank Accounts identified on **Exhibit B** to the Motion, and (iii) deposit funds in and withdraw funds from any of the Bank

Accounts by all usual means, including, but not limited to, checks, wire transfers, ACH transfers and debits, electronic fund transfers, and other debits; *provided*, that the Debtors will make a reasonable effort to request that the Banks designate all of the Bank Accounts as debtor in possession accounts; *provided*, *further*, that the Debtors shall provide notice to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases of any material changes to their Cash Management System (including, but not limited to, any prospective closing of Bank Accounts) within 14 days.

3. The Banks are each authorized and directed to maintain, service, and administer the Bank Accounts without interruption on an interim basis and in the ordinary course of business.

4. The Debtors are authorized, on an interim basis, to engage in the Intercompany Transactions in the ordinary course of business, as described in the Motion. Pursuant to sections 364(b) and 503(b)(1) of the Bankruptcy Code, all valid postpetition Intercompany Claims, including any Intercompany Claims arising from the Payroll Shortfall Funding, are hereby accorded administrative expense priority status, subject and junior to the claims, including adequate protection claims and fee and expense claims under any "carve-out," granted in connection with any postpetition financing or postpetition use of cash collateral in accordance with any interim and final orders, as applicable, approving such postpetition financing or postpetition use of cash collateral. The Debtors shall continue to maintain current records, such that Intercompany Transactions are readily ascertainable and traceable, and such records shall be made available upon request to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases. To the extent that the transfers within the Cash Management System are disbursements, they shall be noted and reflected on the monthly operating reports.

5. Without limiting the foregoing, AHP RI Cape Canaveral is authorized, but not directed, to implement the Payroll Shortfall Funding in a combined amount not to exceed $2,837.39, and shall record an Intercompany Transaction with each of LPIP-B and REIT I to account for such funding. Any postpetition Intercompany Claims arising from the Payroll Shortfall Funding shall be accorded administrative expense priority status in accordance with, and subject to, paragraph 4 of this Interim Order.

*6.* To the extent that the Bank Accounts or the Cash Management System do not comply with the U.S. Trustee Guidelines, such requirements are waived on an interim basis pending the Final Hearing. The Debtors will convert the Wells Fargo and Chase accounts to debtor-in-possession accounts. The deadline by which the Debtors must convert these accounts and comply with section 345(b) of the Bankruptcy Code is extended to 45 days after the date of entry of this Interim Order subject to extension by agreement of the U.S. Trustee and the Debtors or upon motion.

7. The Debtors will comply with the monthly operating report requirements for reporting Intercompany Transactions in accordance with the instructions for U.S. Trustee Form 11-MOR.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

9. The Banks are authorized and directed to receive, process, honor, and pay checks, drafts, wires, and electronic payment requests drawn or issued on the Bank Accounts on account of prepetition obligations, when presented for payment, solely to the extent such prepetition obligations are authorized to be paid by an order of this Court, including any order granting the relief requested for payment of prepetition amounts in the Hotel Operations Motion, and the Banks

are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by an order of this Court. Except as authorized by an order of this Court, the Banks shall not honor any check, draft, wire, or electronic payment request issued prior to the Petition Date on account of a prepetition obligation.

10. The Banks are directed to comply with the instructions they receive from the applicable Debtor(s) to access any cash on deposit in any such Bank Accounts, notwithstanding anything to the contrary in any account control agreement or similar agreement, with respect to any such accounts that are subject to any alleged prepetition liens or other liens.

11. Any bank, including the Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, payment order, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors such a prepetition check, draft, wire, payment order, or other transfer drawn on any Bank Account (i) at the direction of the Debtors or (ii) in a good-faith belief that this Court has authorized such prepetition check, draft, wire, payment, or other transfer to be honored shall be deemed to be, nor shall be, liable to the Debtors or their estates or any other party on account thereof or otherwise be deemed to be in violation of this Interim Order.

12. The Debtors are authorized to issue new postpetition checks, wire transfers, or electronic fund transfer requests to replace any prepetition checks, wire transfers, or funds transfers that may be dishonored or rejected as a result of the commencement of these Chapter 11 Cases, solely with respect to prepetition amounts that are authorized to be paid by an order of this Court.

13. Notwithstanding the relief granted herein or actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an implication or admission as to the validity or

priority of any claim or lien against the Debtors, a waiver of the Debtors' or any party in interest's rights to subsequently dispute such claim or lien, a promise or requirement to pay any prepetition claim, an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

14. Bankruptcy Rule 6003(b) has been satisfied.

15. The requirements of Bankruptcy Rule 6004(a) are waived.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon entry of this Interim Order.

17. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**# # # End of Order # # #**

**Order submitted by:**

**VINSON & ELKINS LLP**

Bradley R. Foxman (Texas Bar No. 24065243)
William L. Wallander (Texas Bar No. 20780750)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
bfoxman@velaw.com
bwallander@velaw.com

- and –

George R. Howard (admitted *pro hac vice*)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
ghoward@velaw.com

**PROPOSED ATTORNEYS FOR**
**THE DEBTORS AND DEBTORS IN POSSESSION**