CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 2, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-80071 (SGJ)** |
| | § | |
| **AMERICAN HOSPITALITY PROPERTIES REIT, INC., *et al.*,** | § | **(Chapter 11)** |
| | § | |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |
| | § | **Re: Dkt. No. 92** |

**ORDER (I) CONTINUING THE PROTECTIONS OF THE AUTOMATIC STAY WITH RESPECT TO CERTAIN NON-DEBTOR ENTITIES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***") (i) continuing the protections of the automatic stay with respect to certain non-Debtor entities; and

---

[1] The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/AHPREIT. The location of the Debtors' corporate headquarters is: 14643 Dallas Parkway, Suite 970, Dallas, Texas 75254.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

(ii) granting related relief, all as more fully set forth in the Motion and in the Declarations; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after considering the Motion and all of the proceedings before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The protections of the automatic stay of Bankruptcy Code Section 362(a), are hereby confirmed as applicable to, or alternatively, extended to the Non-Debtor Entities until November 25, 2026. Without limiting the foregoing, no party shall take any action to accelerate the Loan, foreclose on the Ft. Wayne properties, enforce the Loan's cross-default, cross-collateralization, or springing recourse provisions, or otherwise exercise remedies against the Non-Debtor Entities.[3]

---

[3] The "***Non-Debtor Entities***" means APIP-C Borrower, LLC, AHP FT Wayne Inn, LLC, AHP FT Wayne Suites, LLC, APIP-C OperCo, LLC, APIP-C Ft. Wayne Inn Master Tenant, LLC, and APIP-C Ft. Wayne Suites Master Tenant, LLC.

2. Without limiting the foregoing, all entities are stayed from:

a. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Non-Debtor Entities that was or could have been commenced before the date hereof, or to recover a claim against the Non-Debtor Entities that arose before the date hereof;

b. the enforcement, against the Non-Debtor Entities or against their property, of a judgment obtained prior to the date hereof;

c. any act to obtain possession of property of the Non-Debtor Entities or of property from the Non-Debtor Entities or to exercise control over property of the Non-Debtor Entities;

d. any act to create, perfect, or enforce any lien against property of the Non-Debtor Entities;

e. any act to create, perfect, or enforce against property of the Non-Debtor Entities any lien to the extent that such lien secures a claim that arose before the date hereof;

f. any act to collect, assess, or recover a claim against the Non-Debtor Entities that arose prior to the date hereof;

g. the setoff of any debt owing to the Non-Debtor Entities that arose prior to the date hereof against any claim against the Non-Debtor Entities.

3. Notwithstanding anything in this Order to the contrary, the Debtors agree that cash of the Non-Debtor Entities shall be used by the Non-Debtor Entities' property manager, PAH Management, LLC ("***PAHM***") to (i) timely pay the interest and amortization owed to the Servicer under the Loan that is due November 1, 2026 or such other date on which payment is due under the loan documents, and (ii) pay the ordinary course expenses for compensation for the employees who work at the hotels owned by the Ft. Wayne Borrowers (the "***Ft. Wayne Hotels***") and other ordinary course payments directly related to the ordinary operation of the Ft. Wayne Hotels for utilities, insurance, taxes, food and beverage, and direct expenses of such properties. PAHM shall cooperate with the Debtors and the Servicer to report on the sources and uses of such cash spent.

No other cash of the Non-Debtor Entities shall be used by PAHM unless (i) agreed upon in advance by the Debtors or (ii) authorized by subsequent order of the Court.

4. This Order shall expire on November 25, 2026 unless extended by further order of the Court. The Court shall consider any further extension, renewal, or continuation of the stay granted by this Order at the hearing scheduled for **November 24, 2026 at 9:30 a.m. (Central Time).** Any objection to such further extension, renewal, or continuation shall be filed and served no later than 5:00 p.m. Central Time on November 20, 2026.

5. Nothing in this Order shall prejudice the rights of any creditor to file a proof of claim in these Chapter 11 Cases, to participate in the plan process, or to seek modification or termination of this Order upon proper notice and hearing.

6. The Debtors shall serve notice of the November 24, 2026 hearing and the November 20, 2026 objection deadline on each Non-Debtor Entity (or its counsel), and each Non-Debtor Entity shall have the right to appear and be heard at the November 24, 2026 hearing in opposition to, or otherwise with respect to, any further extension, renewal, or continuation of the stay granted by this Order.

7. All statutes of limitations, statutes of repose, time periods for service of process, deadlines for amendment of pleadings, deadlines to respond to discovery, deadlines to perfect or enforce liens, and any other procedural or substantive deadlines applicable to any claim, action, or proceeding stayed by this Order shall be TOLLED and SUSPENDED with respect to the Non-Debtor Entities for the duration of the stay extension granted herein, and for a period of 30 days after the expiration, modification, or termination of such stay, so that the Non-Debtor Entities shall not suffer any loss of rights or remedies by reason of compliance with this Order.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. Notwithstanding the relief granted herein or actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an implication or admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors', or any party in interest's, rights to subsequently dispute such claim or lien, a promise or requirement to pay any claim, an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, a waiver of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

10. The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**# # # END OF ORDER # # #**

**Order submitted by:**

**VINSON & ELKINS LLP**

Bradley R. Foxman (Texas Bar No. 24065243)
William L. Wallander (Texas Bar No. 20780750)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
bfoxman@velaw.com
bwallander@velaw.com

- and -

George R. Howard (admitted *pro hac vice*)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
ghoward@velaw.com

**PROPOSED ATTORNEYS FOR
THE DEBTORS AND DEBTORS IN POSSESSION**