CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 18, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| American Hospitality Properties REIT, *et al.*,[1] | § | Case No. 26-80071 (SGJ) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |

**AGREED ORDER GRANTING EMERGENCY MOTION TO DISMISS CHAPTER 11 CASES OF THE ARGENTIC DEBTORS**

Upon the *Emergency Motion to Dismiss Chapter 11 Cases* [Dkt. No. 103] (the "***Motion***"),[2] filed by Argentic Services Company LP (as successor-in-interest to LNR Partners LLC), as Special Servicer ("***Argentic***"). The Motion seeks entry of an order dismissing the Chapter 11 cases of the

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/AHPREIT. The location of the Debtors' mailing address for purposes of notices and communications in these chapter 11 cases is: 1166 Avenue of the Americas, 15th Floor, c/o Alan Tantleff, New York, NY 10036.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

Argentic Debtors under 11 U.S.C. § 1112(b)(1). The Court further notes that the Argentic Debtors have agreed to the dismissal of their Chapter 11 cases and to the entry of this Order, as shown by the signature of their counsel below. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. Due and sufficient notice of the Motion has been given under the particular circumstances, and no other or further notice appears to be necessary. The Court has considered the Motion and the record of the proceedings, and all objections to the Motion have been withdrawn, resolved, or overruled. The Court has determined that emergency consideration of the Motion was warranted. After due deliberation, good and sufficient cause appears for the relief granted here.

THE COURT HEREBY FINDS that dismissal of the Argentic Debtors' Chapter 11 cases on the grounds set forth in the Motion is appropriate as agreed by the Argentic Debtors. The Court further finds that dismissal is in the best interests of creditors and the estates of the Argentic Debtors, and that no unusual circumstances establish that dismissal is not in the best interests of creditors and those estates. The Court finds that the Debtors' board acted in good faith in agreeing to this Order. Accordingly, under 11 U.S.C. §§ 105(a), 349(b), and 1112(b)(1), IT IS HEREBY ORDERED THAT:

1. The following Chapter 11 cases (the "***Dismissed Cases***") are hereby dismissed with prejudice to refiling for a period of 180 days:

| Style | Case No. |
|---|---|
| AHP LP7 Bentonville, LLC | 26-80076 |
| AHP LP7 CY Baton Rouge, LLC | 26-80077 |
| AHP LP7 Fayetteville, LLC | 26-80078 |
| AHP LP7 FT Meyers, LLC | 26-80079 |
| AHP LP7 Jonesboro, LLC | 26-80080 |
| AHP LP7 Metairie, LLC | 26-80082 |
| AHP LP7 RI Baton Rouge, LLC | 26-80086 |
| PAH Charlotte LLC | 26-80085 |

2. The Dismissed Cases are severed from, and shall no longer be jointly administered with, the remaining Chapter 11 cases jointly administered under Case No. 26-80071 (SGJ). Nothing in this Order dismisses or otherwise affects any other jointly administered case.

3. The Argentic Debtors consent to the appointment of a receiver over their real and personal property (collectively, the "***Properties***") by a court of competent jurisdiction on the request of the AHP Lender or the PAH Lender, acting through Argentic or any successor special servicer. The Argentic Debtors shall not oppose, object to, or otherwise interfere with any such appointment. Nothing in this Order shall be construed as the appointment of a receiver by this Court.

4. The Argentic Debtors shall use commercially reasonable efforts to assist with the transition of the Properties to any receiver appointed as described in paragraph 3 of this Order, and to any management company employed by such receiver, including by (a) providing access to the Properties; (b) delivering or making available the books and records relating to the Properties; (c) providing any other information that the receiver or management company reasonably requests; and (d) cooperating with the transfer of banking information, accounts, passwords, and any other information or access necessary to operate the Argentic Debtors assets. As set forth herein, reasonable efforts shall also include directing any current management company of the Argentic Debtors to satisfy any requests that the Argentic Debtors cannot satisfy individually.

5. To the extent not already paid before the date of this order, the Argentic Debtors may reserve from available cash on hand and use the Argentic Debtors' cash to pay any payroll, taxes and benefits of property level employees at the Properties that accrued on or prior to the dismissal, $120,814 to pay the Argentic Debtors' share of the December allocated insurance premium financing payment on the Properties, and $55,676 to pay the Argentic Debtors' allocable share of REIT overhead expenses for December; provided such amounts are otherwise consistent with the budget attached to the Second Interim Cash Collateral Order (as defined below) regardless of the week for which such amounts are set forth in such budget.

6. From the Argentic Debtors' available cash on hand as of the date of this Order, the Argentic Debtors shall remit the sum of (i) $435,000 if this Order is entered on or after November 24, 2026 or (ii) $500,000 if this Order is entered on or before November 23, 2026, in either case to the Professional Fee Reserve Account (as defined below) such that the total deposited to the Professional Fee Reserve Account by the Argentic Debtors shall not exceed $825,000. The foregoing sum shall be free and clear of all liens, claims, and encumbrances asserted by Argentic, the Secured Lenders, or any other parties in interest in these cases. Any amounts already remitted by the Argentic Debtors into the Professional Fee Reserve Account prior to the date of this Order shall remain in such account free and clear of all liens, claims, and encumbrances asserted by Argentic, the Secured Lenders, or any other parties in interest in these cases. As set forth in the *Second Interim Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing on the Motion and (IV) Granting Related Relief* [Docket No. 132], the Professional Fee Reserve Account shall be solely for the benefit of and have the purpose of reserving solely for and paying unpaid professional fees and expenses, to the extent allowed at any time, whether by interim order, procedural order, or otherwise, incurred by persons or firms retained by the Remaining Debtors pursuant to §§ 327, 328, or 363 of the Bankruptcy Code, including counsel, financial advisors, investment bankers, and claims and noticing agents, or by any official committee appointed in these chapter 11 cases pursuant to §§ 328 and 1103 of the Bankruptcy Code (collectively, the "Professional Persons", and such account, the "Professional Fee Reserve Account"). The Professional Fee Reserve Account shall continue to be held for the benefit of Professional Persons and shall not be property of the Debtors' estates or subject to the control, lien, security interest, or claims of the Special Servicer, the Secured Lenders, or any other creditor.

7. The balance of the Argentic Debtors' available cash on hand as of the date of this Order after deduction of the amounts identified hereinabove shall be remitted to Argentic or to such court-appointed receiver as Argentic may direct in writing.

8. Neither Argentic nor the Secured Lenders shall oppose or vote to reject any plan filed by any of the Remaining Debtors in their cases that is not inconsistent with the terms of this Order or object to any releases by the Debtors of such Debtor's claims against current employees, directors, officers or professionals of the Debtors.

9. Effective upon entry of this Order, Argentic and the Secured Lenders, on behalf of themselves and their respective successors and assigns, hereby release the current employees, officers, directors, and professionals of each of the Debtors (including both the Argentic Debtors and the Remaining Debtors) from any and all claims and causes of action arising out of or relating to the Debtors or these Chapter 11 cases, including relating to the commencement of these chapter 11 cases; *provided*, *however*, that the foregoing shall not release any claim that Argentic or any Secured Lender has against any individual or entity who is also a guarantor of any obligation to Argentic or the Secured Lenders.

10. The Argentic Debtors are authorized and empowered to take all steps necessary and appropriate to carry out the terms of this Order.

11. Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court shall have jurisdiction over any and all disputes arising under or relating to the implementation or enforcement of this Order. Nothing in this Order confers on this Court jurisdiction over any receiver or any receivership proceeding of the Argentic Debtors or the Properties.

# # # End of Order # # #

**Agreed as to form and substance:**

**REED SMITH LLP**

*/s/ Michael P. Cooley*
Keith M. Aurzada (SBN 24009880)
Michael P. Cooley (SBN 24034388)
Dylan T.F. Ross (SBN 24104435)
2850 N. Harwood Street, Suite 1500
Dallas, Texas 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
kaurzada@reedsmith.com
mpcooley@reedsmith.com
dylan.ross@reedsmith.com

*Attorneys for Argentic Services Company LP (as successor-in-interest to LNR Partners LLC), in its capacity as Special Servicer*

**VINSON & ELKINS**

*/s/ Bradley R. Foxman*
Bradley R. Foxman (SBN 24065243)
William L. Wallander (SBN 20780750)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
bfoxman@velaw.com
bwallander@velaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*