**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-80071 (SGJ)** |
| | § | |
| **AMERICAN HOSPITALITY** | § | **(Chapter 11)** |
| **PROPERTIES REIT, INC., *et al.*,** | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**STIPULATION AND AGREED ORDER
(A) REDUCING POST-PETITION RENT UNDER THE LEASE
AND (B) EXTENDING THE TIME TO ASSUME OR REJECT LEASE
OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)**

This Stipulation and Agreed Order (this "***Stipulation***") is entered into by and among (i) American Hospitality Properties REIT, Inc. and its affiliated debtors and debtors in possession

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/AHPREIT. The location of the Debtors' mailing address for purposes of notices and communications in these chapter 11 cases is: Alan Tantleff, c/o FTI Consulting, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

(collectively, the "***Debtors***") and (ii) Spirit Realty, L.P. ("***Spirit***," and together with the Debtors, the "***Parties***").

**RECITALS**

WHEREAS, AHP RI Cape Canaveral, LLC, as tenant (as assignee of AHP Master Lease, LLC), and Spirit, as landlord, are parties to that certain Lease Agreement, dated as of March 28, 2019 (as amended, supplemented, assigned, or otherwise modified from time to time, including by that certain Assignment and Assumption of Lease and Landlord Consent dated January 24, 2025, the "***Lease***"), whereby AHP RI Cape Canaveral, LLC leases the real property and all buildings, fixtures, and other improvements thereon described on Exhibit B of the Lease and commonly known as 8959 Astronaut Boulevard, Cape Canaveral, Florida 32920 (the "***Property***"), fee simple title to which is held by Spirit;

WHEREAS, the Tenant's obligations under the Lease are guaranteed, on a joint-and-several basis, by Phoenix American Hospitality, LLC and American Hospitality Properties REIT, Inc. (as successor to American Hospitality Properties Fund III, LLC) pursuant to that certain Unconditional Guaranty of Payment and Performance (as ratified and reaffirmed, the "***Guaranty***");

WHEREAS, on October 4, 2026 (the "***Petition Date***"), the Debtors, including AHP RI Cape Canaveral, LLC, filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Northern District of Texas (the "***Bankruptcy Court***");

WHEREAS, the Parties desire to memorialize an agreement in this Stipulation on the terms set forth below.

**STIPULATION**

IT IS THEREFORE STIPULATED AND AGREED THAT:

1. Effective as of the Petition Date, and notwithstanding any provision of the Lease to the contrary, the Base Monthly Rental and any and all other amounts payable to Spirit by the Debtors under the Lease for the period commencing on the Petition Date and continuing through the earliest of (a) the effective date of assumption or rejection of the Lease, (b) the Assumption/Rejection Deadline, and (c) the occurrence of a Stipulation Default (as defined below) is hereby reduced to $100,000 per month for the months of October and November, 2026; and, commencing December 1, 2026 and continuing each month thereafter $125,000 per month pursuant to the terms of this Stipulation (collectively the "***Post-Petition Rent***"), payable in advance on or before the first day of each calendar month (prorated for any partial month); *provided* that any Post-Petition Rent that has accrued since the Petition Date and remains unpaid as of the date of entry of this Stipulation shall be paid within five business days after entry of this Stipulation. The Debtors shall timely pay all real estate taxes, assessments, insurance premiums, and utilities with respect to the Property.

2. Spirit shall have 90 days from the date of entry of this Stipulation (the "***Marketing Period***") to market the Property for lease or sale. The Marketing Period may be extended for additional 30-day periods upon the mutual written agreement of the Parties, which agreement may be memorialized by email between the Parties without further order of the Bankruptcy Court; *provided* that the Marketing Period shall terminate automatically upon the effective date of any assumption or rejection of the Lease.

3. From the date of entry of this Stipulation through the effective date of any assumption or rejection of the Lease, the Debtors shall use commercially reasonable efforts to (a) operate the Property as a hotel in the ordinary course of business (through a hotel management

company); (b) timely pay all normal and customary expenses of the hotel operations as they come due; (c) maintain in full force and effect all insurance required under the Lease, naming Spirit as an additional insured and loss payee as required by the Lease; (d) maintain the Marriott franchise agreement and all licenses and permits necessary to operate the hotel at the Property, and promptly (and in any event within two business days) provide Spirit with copies of any notice of default or termination received from the franchisor or any governmental authority; and (e) maintain the Property in at least the condition existing on the Petition Date, ordinary wear and tear excepted, and not commit or permit waste.

4. During the Marketing Period, the Debtors shall grant Spirit, the broker employed by Spirit, and their respective representatives and prospective tenants, purchasers, and lenders reasonable access to the Property during normal business hours, upon two business days' advance notice (which may be given by email) to the Debtors, for the purpose of inspecting the Property and marketing the Property to prospective tenants or purchasers; *provided* that such access shall not unreasonably interfere with the Debtors' operations at the Property or the guests thereof.

5. From the date of entry of this Stipulation through the effective date of any assumption or rejection of the Lease, the Debtors shall provide to Spirit (a) within 20 days after the end of each calendar month, a Property-level profit and loss statement, STR report, and budget-to-actual variance report for such month; and (b) within five business days after request, such other information regarding the Property and the hotel operations as Spirit may reasonably request in furtherance of its efforts to lease or sell the Property, including copies of the management agreement, franchise agreement, service contracts, and capital expenditure records.

6. Spirit shall not be entitled to, and shall not assert, any administrative expense claim under sections 365(d)(3), 503(b), or 507(a)(2) of the Bankruptcy Code or otherwise on account of

the Lease or the Debtors' use and occupancy of the Property, other than for the Post-Petition Rent accruing for the period from the Petition Date through the effective date of assumption or rejection of the Lease. Notwithstanding section 365(d)(3) of the Bankruptcy Code or any other provision of the Bankruptcy Code or the Lease, any and all other claims of Spirit against the Debtors arising under or related to the Lease or the Property shall be treated, solely to the extent allowed, as general unsecured claims, and shall not be entitled to administrative expense or priority status under sections 503(b) or 507(a) of the Bankruptcy Code. Nothing in this Stipulation shall impair Spirit's rights to assert the full amount of Base Monthly Rental under the Lease (without reduction for the Post-Petition Rent) as part of any cure amount under section 365(b) of the Bankruptcy Code, as part of any claim against any non-Debtor guarantor or under the Guaranty, or as part of any general unsecured claim, including under section 502(g) of the Bankruptcy Code.

7. Pursuant to section 365(d)(4)(B) of the Bankruptcy Code, the time within which the Debtors must assume or reject the Lease is hereby extended through and including the Assumption/Rejection Deadline. For purposes of this Stipulation: (a) the "***Marketing Period End Date***" means the last day of the Marketing Period, as the Marketing Period may be extended or terminated in accordance with paragraph 3 of this Stipulation; and (b) the "***Assumption/Rejection Deadline***" means the date that is 30 days after the Marketing Period End Date.

8. This Stipulation constitutes the "prior written consent of the lessor" under section 365(d)(4)(B)(ii) of the Bankruptcy Code to the extension set forth in paragraph 8 of this Stipulation, to the extent such consent is required, and no further consent of Spirit shall be required for such extension.

9. Each of the following shall constitute a "***Stipulation Default***": (a) the Debtors' failure to pay any Post-Petition Rent or other amount required under this Stipulation when due,

which failure is not cured within five business days after written notice (which may be given by email to the Debtors' counsel); (b) the Debtors' failure to perform any other obligation under this Stipulation, which failure is not cured within ten days after written notice; (c) the conversion or dismissal of the chapter 11 case of AHP RI Cape Canaveral, LLC or AHP Master Lease, LLC, or the appointment of a chapter 11 trustee in either such case; or (d) the termination of the franchise agreement for the hotel at the Property or the lapse of insurance required under the Lease. Upon the occurrence of a Stipulation Default, and without further order of the Bankruptcy Court: (i) the Marketing Period shall terminate; and (ii) Spirit may file a notice of Stipulation Default with the Bankruptcy Court and, upon the expiration of seven days after the filing of such notice absent a timely objection by the Debtors limited to whether a Stipulation Default has occurred, the Lease shall be deemed rejected and the automatic stay under section 362 of the Bankruptcy Code shall be modified to permit Spirit to exercise all of its rights and remedies under the Lease and applicable law with respect to the Property.

10. Upon the effective date of any rejection of the Lease (whether by order, deemed rejection, or otherwise), the Debtors shall (a) surrender possession of the Property to Spirit within five days, together with all furniture, fixtures, equipment, and other personal property used in the operation of the hotel that constitute part of the Property under the Lease; (b) cooperate in good faith with Spirit and any successor operator to provide an orderly transition of the hotel operations, including the transfer, to the extent permitted by applicable law, of guest reservations, advance deposits, licenses, permits, and books and records relating to the Property; and (c) not remove or abandon any property of Spirit from the Property. Any personal property of the Debtors remaining at the Property after the surrender date shall be deemed abandoned, and Spirit may dispose of such property without liability to the Debtors or any third party.

11. Notwithstanding any provision of the Lease to the contrary, Spirit hereby consents to, and shall not object to or otherwise challenge, any termination, replacement, or other change of the manager or management company for the hotel operated at the Property, or any entry into, amendment, assignment, or termination of any management agreement with respect thereto, in each case as determined by the Debtors in their business judgment.

12. Except as expressly set forth herein, nothing herein shall be deemed to alter, amend, or otherwise modify the terms of the Lease, and such terms shall continue in full force and effect, as modified by this Stipulation, through the effective date of (a) rejection of the Lease or (b) assumption of the Lease pursuant to section 365 of the Bankruptcy Code.

13. Except as expressly modified by this Stipulation, nothing herein shall be deemed a waiver of (a) any of Spirit's actual or potential claims against the Debtors, including, without limitation, all prepetition claims and damages arising under or related to the Lease, which are expressly preserved, and any claims under section 502(g) of the Bankruptcy Code on account of any potential rejection of the Lease, in each case subject to paragraph 7 of this Stipulation; (b) any of Spirit's actual or potential claims against any non-Debtor guarantor or under the Guaranty, including claims for the full amount of Base Monthly Rental under the Lease without reduction for the Post-Petition Rent, and Spirit's claims in the action styled *Spirit Realty, LP v. AHP Master Lease, LLC, et al.*, Cause No. DC-25-23718, pending in the 191st Judicial District Court of Dallas County, Texas; or (c) any of the Debtors' actual or potential claims against Spirit. The Parties hereby reserve any and all rights with respect to the foregoing. Nothing in this Stipulation constitutes a finding or admission that the Lease is other than a true lease of nonresidential real property, and the Debtors shall not assert that the Lease is a ground lease, financing arrangement,

or disguised security interest. The Parties hereby reserve any and all rights with respect to the foregoing.

14. This Stipulation shall inure to the benefit of and shall be binding upon the Parties and their respective successors and assigns.

15. This Stipulation shall be binding upon the Parties upon entry of this Stipulation by the Bankruptcy Court. In the event that this Stipulation is not entered by the Bankruptcy Court, (a) nothing herein shall be used against any of the Parties for any reason and (b) the obligations of the Parties under this Stipulation shall be null and void, and, with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation.

16. The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation.

**# # # END OF ORDER # # #**

**AGREED AS TO FORM AND SUBSTANCE:**

**VINSON & ELKINS LLP**

*/s/ Bradley R. Foxman*
Bradley R. Foxman
(Texas Bar No. 24065243)
William L. Wallander
(Texas Bar No. 20780750)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
bfoxman@velaw.com
bwallander@velaw.com

- and -

George R. Howard
(admitted *pro hac vice*)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
ghoward@velaw.com

**PROPOSED ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

**BALLARD SPAHR LLP**

*/s/ Joel F. Newell*

Craig Solomon Ganz
(Texas Bar No. 24127203)
Joel F. Newell
(Texas Bar No. 24137409)
1 East Washington Street, Suite 2300
Phoenix, AZ 85004
Tel: 602-798-5400
Fax: 602-798-5595
ganzc@ballardspahr.com
newellj@ballardspahr.com
**COUNSEL FOR SPIRIT REALTY, L.P.**

**Order submitted by:**

**VINSON & ELKINS LLP**

Bradley R. Foxman (Texas Bar No. 24065243)
William L. Wallander (Texas Bar No. 20780750)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
bfoxman@velaw.com
bwallander@velaw.com

- and -

George R. Howard (admitted *pro hac vice*)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
ghoward@velaw.com

**PROPOSED ATTORNEYS FOR**
**THE DEBTORS AND DEBTORS IN POSSESSION**